# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**United States of America,**

    **Plaintiff,**

**-V-**                                                                **Case No. CR-2-06-100**
                                                                              **JUDGE SMITH**

**Kimyada Richardson,**

    **Defendant.**

## OPINION AND ORDER

On November 14, 2006, Defendant Kimyada Richardson filed a Motion to Continue the Trial Date (Doc. 148) and a Motion to Sever (Doc. 149). The Government has not filed a response to either motion. For the reasons that follow, the Court **DENIES** Defendant's Motions.

Defendant is charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), as well as 18 U.S.C. § 2. Defendant's trial date on these charges, along with several of her co-defendants, is currently scheduled for December 4, 2006.

Turning first to Defendant's first motion, which is the Motion to Continue the Trial Date currently scheduled for December 4, 2006. The matter of a continuance is within the discretion of the trial judge. *See United States v. Crawford*, 60 Fed. Appx. 520, 526 (6th Cir. 2003), *citing United States v. King,* 127 F.3d 483, 486-87 (6th Cir. 1997). Defendant must establish that not granting a continuance would result in actual prejudice. *Id.*

Defendant asserts in support of her Motion for Continuance that she needs time to file discovery and other motions that may be relevant to her case.  Defendant, however, was given sufficient time from the time she entered her plea until the trial date set for December 4, 2006.  Defendant's other reasons for requesting a continuance are tied to her basis for requesting her trial be severed from that of her co-defendants.  Specifically, Defendant Kimyada Richardson requests a continuance until after the trial of her co-defendant Dedrick Richardson so that he may testify at her trial and not prejudice himself.  Defendant further argues that the ends of justice would be served by granting a continuance and that failure to grant a continuance would result in a miscarriage of justice.

Upon consideration of the Motion to Continue the Trial Date filed by the Defendant, the Court finds that the Motion is not meritorious.  While this is the first continuance sought by Defendant Kimyada Richardson, several of her other co-defendants have moved for continuances which were granted.  The Court finds that it is in the best interest of the public and all the defendants in this case to hold the trial December 4, 2006. 18 U.S.C. Section 3161 (h)(8)(A).  Further, joint trials are favored by courts as they conserve state funds, diminish inconvenience to witnesses and public authorities.  *United States v. Lane*, 474 U.S. 438, 448 (1986).  Finally, the Court does not find that Defendant would be prejudiced by denial of her Motion for a Continuance.  Defendant's Motion to Continue (Doc. 148) is therefore **DENIED**.

Defendant's second motion is a Motion to Sever.  Defendant moves pursuant to Federal Rules of Criminal Procedure 12(B) and 14 seeking severance from the other defendants named in this case.  In support of this Motion, Defendant asserts that her co-defendant Dedrick Richardson has evidence and testimony to support her innocence and that he is willing to provide

that evidence for her. Further, the Defendant argues that she has no relationships or involvements with any of the other defendants in this case and that if she were tried collectively with them it is feared that the cumulative effect of the evidence against the other defendants will create a spillover effect thereby prejudicing her right to a fair trial.

There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 210. However, Rule 14 of the Federal Rules of Criminal Procedure recognizes that joinder, even when proper under Rule 8(b), may prejudice either a Defendant or the Government. Rule 14(a) specifically provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

There is concern in some cases that a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. For example, a defendant may be prejudiced if a co-defendant is willing to testify on his or her behalf to provide exculpatory evidence, but is concerned to do so during a joint trial because he or she would be subject to cross-examination. *See United States v. Phillip*, 1991 U.S. App. LEXIS 25538 (6th Cir. October 21, 1991).

While the Court is mindful of the potential prejudice raised by Defendant Kimyada Richardson, the Court finds that the interests of the public must also be considered. The Court finds that the potential prejudice to Defendant can be remedied by allowing Defendant Dedrick Richardson to testify for the limited purpose of providing exculpatory evidence on behalf of Defendant Kimyada Richardson. The Government will be permitted to cross-examine Defendant Dedrick Richardson only on the limited scope of the direct examination. The jury will be instructed regarding this testimony and that Defendant Dedrick Richardson has chosen not to testify in his own defense. The Court therefore finds that with adequate instructions, there will be no prejudice to Defendant Kimyada Richardson and her motion to severe is **DENIED**.

For the reasons stated above, the Court **DENIES** Defendant's Motion to Continue and Motion to Sever.

The Clerk shall remove Doc. 148 and Doc. 149 from the Court's pending motions list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ George C. Smith
　　　　　　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**